[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ONDEFENDANTS' MOTION TO STRIKE]
The plaintiff was injured in a fall on a sidewalk in Bridgeport in 1989. The fall occurred on premises owned by the CT Page 4471 Richard Streiber and Anita Sklarsky, who are the defendants in the first count of the complaint. The second count and third counts of the complaint contain claims against the defendant Fernap, Inc.
In the Second Count, it is alleged that Fernap was installing a new sidewalk on the premises and that the plaintiff's fall was due to the negligence of Fernap in failing to take certain precautions to protect against such a fall during the course of constructing the sidewalk. In the Third Count, it is alleged that the defendant Fernap is liable under the Connecticut Products Liability Act, Conn. Gen. Stat. Sec. 52-572m et seq. The plaintiff has moved to strike the Third Count on the grounds that the allegations in the complaint do not and cannot establish, as a matter of law, that Fernap was the manufacturer or seller of a product within the meaning of the statute. Both parties have filed briefs supporting their respective positions.
Although Conn. Gen. Stat. Sec. 52-572m defines "manufacturer" and "product seller," neither the statute nor our appellate courts have yet defined the word "product" for the general purposes of this statutory scheme.[1] The Model Uniform Products Liability Act, proposed by the U.S. Dept. of Commerce, 44 Fed. Reg. 62, 714 et seq., (Oct. 31, 1979), parts of which were enacted virtually verbatim in the Public Act codified as 52-572m, does define a product as an "object possessing intrinsic value, capable of delivery either as an assembled whole or as a component part or parts, and produced for introduction into trade or commerce." Id., Mod. Uniform Prod. Liab. Act § 102(C). This model definition provides guidance in considering the allegations here.
The complaint, fairly read in a light most favorable to the plaintiff, alleges that Fernap was in the business of constructing sidewalks, presumably the old-fashioned way by creating molds on a surface, mixing and pouring concrete, shaping and leveling it as necessary, allowing it to dry, and performing such finishing work as may be necessary once the molds are knocked out.[2] This appears to be the performance of a service, not the delivery of a whole object or component parts to be assembled into an object. Since the defendant rendered a service rather than manufactured or sold a product, the defendant's conduct is outside the purview of the products liability statute. [Zichichi v. Middlesex MemorialHospital], 204 Conn. 399, 403 (1987); accord, [Hines v. JMJConstruction, Inc.], 1993 CT CaseBase 1003, D.N. 506329 J.D. at Hartford (1993) (Miano, J.). CT Page 4472
The Motion to Strike the Third Count is granted.
PATTY JENKINS PITTMAN, JUDGE